ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| MARÍA DE LOS ÁNGELES VILLARRUBIA RUIZ<br><br>Recurrida<br><br>v.<br><br>AGUADA EMERALD FIELDS CANNABIS WELLNESS CENTER, LLC., NATALIA ALBERTORIO RIVERA EN SU CARÁCTER PERSONAL, COMO SOCIO ADMINISTRADORA Y AGENTE RESIDENTE DE AGUADA EMERALD FIELDS CANNABIS WELLNESS CENTER, LLC., Y DE EFA LLC; **WILFREDO ORTIZ**, EMERALD HOLDINGS, LLC., PERSONA NATURAL ABC, PERSONA JURÍDICA DEF<br><br>Peticionario | TA2025CE00727 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Aguadilla<br><br><br>Caso Núm.: AU2020CV00428<br><br><br>Sobre:<br><br>Ley General de Corporaciones de Puerto Rico, Incumplimiento de Contrato, Dolo, Daños y Perjuicios |

Panel integrado por su presidenta, la Juez Lebrón Nieves, el Juez Adames Soto y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 6 de noviembre de 2025.

Comparece Wilfredo Ortiz Aponte (en adelante, peticionario), mediante una *Solicitud de expedición de auto de certiorari*, para solicitarnos la revisión de la *Orden*, emitida el 2 de octubre de 2025, notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de Aguadilla.[1] Mediante la *Orden* recurrida, el foro de instancia requirió la comparecencia del peticionario a una vista de desacato.

---

[1] Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI), a la Entrada Núm. 992.

Conviene mencionar que, tras este Panel haber tenido otros recursos relacionados al caso de marras, nos circunscribiremos al asunto ante nos.

Establecido lo anterior, puntualizamos que, allá para el 19 de diciembre de 2023, el tribunal de instancia emitió una *Resolución y orden sobre aseguramiento de sentencia* la cual notificó al día siguiente.[2] Luego de varios incidentes procesales innecesarios reseñar, el 8 de septiembre de 2025, la señora María de los Ángeles Villarubia Ruiz (en adelante, recurrida) interpuso una *Moción informativa y sobre continuación de los procedimientos*.[3] Mediante este escrito, solicitó al foro *a quo* que se reanudaran los procedimientos que habían sido paralizados por el Tribunal Federal de Quiebras, en cuanto a Aguada Emerald y Emerald Holdings.[4] Igualmente, peticionó que se señalara una vista sobre desacato, en torno a lo ordenado en la resolución y orden emitida el 19 de diciembre de 2023.

En respuesta, mediante *Resolución*, emitida el 2 de octubre de 2025, notificada el 3 de octubre de 2025, el tribunal de instancia dispuso convocar a la señora Natalia Albertorio (señora Albertorio) y al peticionario a una vista de mostrar causa por la cual no debían ser encontrados incurso en desacato por el alegado incumplimiento con la antedicha resolución y orden.[5] En consecuencia, el tribunal *a quo* emitió citaciones para la vista programada para el 7 de noviembre de 2025, dirigidas a la señora Albertorio y al peticionario.[6]

---

[2] SUMAC TPI, a la Entrada Núm. 804.
[3] *Íd.*, a la Entrada Núm. 984.
[4] *Íd.*, a la Entrada Núm. 994. Mediante *Resolución*, emitida y notificada el 6 de octubre de 2025, el foro *a quo* ordenó la continuación de los procedimientos contra Aguada Emerald y Emerald Holdings y la señora Albertorio como presidenta. Se desprende del SUMAC TPI, a la Entrada Núm. 999, que el tribunal de instancia estableció que la señora Albertorio desistió de su petición ante el Tribunal Federal de Quiebras, por lo que calendarizó la conferencia con antelación a juicio.
[5] SUMAC TPI, a la Entrada Núm. 989.
[6] *Íd.,* a las Entradas Núm. 992 y 993.

Luego, el 10 de octubre de 2025, el peticionario interpuso una *Moción solicitando remedio*.[7] Adujo, en síntesis, que era impertinente la citación a su persona en cuanto a la vista de desacato. Solicitó que se le eximiera comparecer a la misma. En respuesta, mediante *Orden*, emitida y notificada el 23 de octubre de 2025, el tribunal de instancia dispuso:

> No Ha lugar.  Wilfredo Ortiz tiene que estar presente en sala el 7 de noviembre de 2025. Sobre el contenido de la presente Moción se discutirá en sala el 7 de noviembre de 2025.[8]

En desacuerdo, el 5 de noviembre de 2025, compareció el peticionario mediante un recurso de *certiorari* en el cual esbozó su inconformidad con el curso decisorio del tribunal recurrido tras haberlo citado a una vista de desacato, aduciendo, en resumidas cuentas, que lo que persigue es el cumplimiento con una orden expedida contra una corporación en la cual no figura como componente ni cuenta con capacidad representativa. Junto al recurso, el peticionario interpuso una *Moción en auxilio de jurisdicción.*

Conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones,[9] este Tribunal tiene "la facultad para prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho [. . .]". En consideración a lo anterior, eximimos a la parte recurrida de presentar escrito en oposición al recurso de *Certiorari* ante nos.

Sabido es que el recurso de *Certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[10]  A diferencia del recurso

---

[7] SUMAC TPI, a la Entrada Núm. 997.
[8] *Íd.*, a la Entrada Núm. 1000.
[9] *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025).
[10] *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023)*; 800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020).

de apelación, el auto de *Certiorari* es de carácter discrecional.[11] La discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[12] Ahora bien, para determinar si procede la expedición de un recurso de *certiorari* será indispensable que en el caso esté presente alguna de las razones de peso que establece la Regla 40 del Reglamento del Tribunal de Apelaciones.[13] Estas son:

A. Si la situación de hechos planteada es la más indicada para el análisis del problema.

B. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

C. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

D. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

E. Si la expedición el auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

F. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[14]

Por otra parte, el Tribunal Supremo de Puerto Rico ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto.[15] Igualmente, al evaluar la procedencia del referido auto, debemos tener presente que el foro primario tiene amplia discreción para manejar los casos ante su consideración.[16] De manera que los Tribunales Apelativos no debemos pretender conducir ni manejar el trámite ordinario de los casos que atiende la primera instancia

---

[11] *Rivera Figueroa v. Joes's European Shop*, 183 DPR 580, 596 (2011).
[12] *Mun. de Caguas v. JRO Construction, Inc.* 201 DPR 703, 712 (2019); *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013).
[13] *In re Aprob. Enmdas. Reglamento TA*, supra, a la pág. 59.
[14] *Íd.*
[15] *Coop. Seguros Múltiples de P.R. v. Lugo*, 136 DPR 203, 208 (1994).
[16] *BPPR v. SLG Gómez-López*, 213 DPR 314, 334 (2023).

judicial. Ello, puesto que el foro primario es el que mejor conoce las particularidades del caso.[17]

Luego de haber evaluado el expediente en su totalidad, incluyendo la *Orden* objeto de revisión, así como el derecho aplicable, no hemos encontrado que el foro primario haya actuado con prejuicio o parcialidad, que haya habido un craso abuso de discreción, ni tampoco que la determinación sea manifiestamente errónea. Es por lo anterior, que no procede nuestra intervención en esta etapa de los procedimientos. Por otro lado, al evaluar la procedencia del referido auto, tuvimos presente que el tribunal *a quo* tiene amplia discreción para manejar los casos ante su consideración.[18] De manera que, según adelantamos, esta Curia no puede pretender conducir ni manejar el trámite ordinario de los casos que atiende el foro primario, quien es el que mejor conoce las particularidades del caso.[19]

Por los fundamentos que anteceden, se *deniega* la expedición del auto de *Certiorari*. Además, se declara *No Ha lugar* la *Moción en auxilio de jurisdicción*. En consideración a lo resuelto, se devuelve el caso al foro primario para la continuación de los procedimientos.

Al amparo de la Regla 35 (A)(1) de nuestro Reglamento,[20] el Tribunal de Primera Instancia puede proceder de conformidad con lo aquí resuelto, sin que tenga que esperar por nuestro mandato.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[17] *Mejías v. Carrasquillo*, 185 DPR 288, 306-307 (2012).
[18] *BPPR v. SLG Gómez-López*, supra, a la pág. 334.
[19] *Mejías v. Carrasquillo*, supra, a las págs. 306-307.
[20] *In re Aprob. Enmdas. Reglamento TA*, supra, a la pág. 55.